## LUMAN v. KERR'S *Administrator.*

Although an instruction requested by counsel may state the law correctly, it should not be given, if it assumes facts to be proved as true, which are in issue before the jury.

### *Appeal from Lee District Court.*

*Opinion by* GREENE, J.   This was an action of replevin commenced by L. Luman against B. Kerr before a justice of the peace in Henry county, to recover possession of a mare.   Verdict for defendant.   On appeal to Henry district court, two trials were had, in both of which the jury disagreed.   Venue changed to Lee county.   Verdict and judgment for defendants.

The bill of exceptions shows the transaction.   It appears that the plaintiff traded the horse in question to one Smith for another horse.   Smith warranted his horse to be sound and true, and the evidence would indicate that Smith agreed if his horse was not as he recommended him, it was to be no trade.   The horse appeared to be both unsound and untrue.   The next day plaintiff went to Smith to return the horse, and recover the mare, but Smith was not at home.   In about a week he went again to Smith, who then refused to trade back.   Some time after Smith sold the mare to Kerr, the defendant, from whom the plaintiff replevied.

The question whether the trade was absolute or conditional, was submitted to the jury, under the instruction that if they believed the trade to be conditional, the plaintiff was not thereby divested of his property, and was entitled to recover, if he had used due diligence in taking back the horse he received from Smith, and in claiming the one sued for.

Several erorrs are assigned in relation to the instructions which were given at the request of the defendant.   The

instructions objected to, relate to fraudulent contracts, and all assume, in substance, that such contracts are not void, and voidable only at the instance of the *injured party*, and against the perpetrator of the fraud; and that such fraud can in no event be available against an innocent third party, who purchased in good faith and without notice of the fraud.

Assuming the facts in the case to have been fully proved, as claimed by defendant's counsel, these instructions contained no erroneous proposition of law. Abstractly considered, they would be correct, but when considered in connection with the facts in the case, they were calculated to exert too strong an influence against the plaintiff. They assumed facts to have been proved, which were in dispute and to be decided by the jury. They take for granted, or assume to decide, facts which were neither admitted by the pleadings, nor proved by the evidence. They take for granted that the purchase was unconditional, upon adequate consideration, and without notice of fraud. Such instructions are calculated to mislead the jury; and although they state the law correctly, they charge too strongly upon the facts. So far as facts are concerned, the jury should be left free from any influence by the court. These instructions appear to have been worded with a particular reference to the influence they would be likely to have upon the jury in deciding the facts. Nothing would be more likely to exert an undue influence on a jury, than the positive and decisive language contained in the instructions in reference to the facts. Before the instructions were asked, the court had charged the jury fully and correctly upon the law of the case, and left the facts with them, where they legitimately belonged. But defendant's counsel very adroitly managed to decide those facts for the jury, in the instructions, so gilded and embellished with a correct statement of the law, as to obstruct the discrimination of the court, and especially calculated to mislead the jury. Great care

Luman *v.* Kerr.

and discrimination should be exercised by *nisi prius* courts, in submitting such instructions as are requested by counsel, for when approved and repeated by the judge, the jury take it for granted that the facts, as well as the law of the case, are to be decided accordingly. Most jurors are glad to escape the trouble of an investigation, and the perplexity of deciding ; and are more than inclined to adopt any judicial decision, or intimation, that may be submitted to them. Hence great caution should be exercised, and jurors should often be admonished by the courts that they alone are to investigate and decide the facts in the case submitted to them.

The impropriety of charging a jury upon the facts, so as to direct their finding, was considered in *Woods* v. *Mains*, 1 G. Greene, 275 ; and still more fully in *Frederick* v. *Gaston*, ib., 401. True, in those cases, the charge was made directly upon the facts, while in the present case, the facts in issue were assumed to be true and established, under an avowed instruction upon the law. Both are alike objectionable and repugnant to the policy of our law.

Judgment reversed.

*J. C. Hall* and *Wm. Thompson*, for appellant.

*Geo. C. Dixon*, for appellees.